IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL FIGUEROA | ) | CASE NO. 4:09CV1965 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| J. T. SHARTLE, WARDEN | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

On August 21, 2009, Petitioner *pro se* Angel A. Figueroa ("Figueroa"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petitition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On March 23, 2004, he was convicted of conspiracy to distribute heroin, 21 U.S.C. § 846, in the United States District Court for the Northern District of Illinois. He was sentenced on July 7, 2006 to 240 months imprisonment and five years supervised release. Figueroa appealed to the Seventh Circuit Court of Appeals which affirmed the district court judgment on April 19, 2007. *United States v. Figueroa*, 228 Fed. Appx. 611 (7th Cir. 2007). On November 7, 2007, he filed a Petition under 28 U.S.C. § 2255 in the district court which was denied on February 9, 2009. In addition to the Petition filed here, Figueroa has filed a Motion for Emergency Hearing (ECF 3) and a Motion for Summary Judgment. (ECF 4).

Figueroa alleges that the "Order in a Criminal Case is void on its face, a nullity, and of no legal effect depriving him of his Fifth and Sixth Amendment rights." Also, the sentence imposed and the enhancements for the charged acts are allegedly void divesting this Court of jurisdiction. He states that "the Supreme Court unconditionally admitted that the Sixth Amendment is violated when an enhanced sentence is based upon the judges determination of fact other than the prior conviction

that is found by the jury nor [sic] admitted by the defendant." He also asserts fault with his Pre-Sentence Report. "The statement of reasons discloses the sole source and rational for a sentence is naked of any citation of the original charges, finding of guilt by the jury, or plea agreement." Thus, there has allegedly been a violation of jury trial and due process protections. Figueroa asserts that the Court should issue an order that his sentence is void and order his immediate release.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission

to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Figueroa is challenging the imposition of his conviction that occurred in the Seventh Circuit, not the execution or manner in which he serving his sentence. Thus, the motion was inappropriately filed here. Generally, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 2003). Furthermore, there is no indication that a § 2255 motion is inadequate or ineffective to test the legality of his detention in order to bring a § 2241 action. He has previously filed an unsuccessful § 2255 case. A second or successive § 2255 motion must be certified by the court of appeals before it can accepted by the district court. It appears that Figueroa is merely attempting to include additional claims that should have been previously raised.

Accordingly, the Motions for Emergency Hearing (ECF 3) and for Summary Judgment. (ECF 4) are denied. This action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant

to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: October 20, 2009            s/Christopher A. Boyko
                                  JUDGE CHRISTOPHER A. BOYKO
                                  UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) (3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.